IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD STROTHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-1686-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent.[1] | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Petitioner, an inmate at USP Marion, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). That Petition is now before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[2]

On December 6, 2006, in the Eastern District of Texas, Petitioner was indicted for one count of knowingly and intentionally possessing, with the intent to distribute, more than fifty grams of a Schedule II controlled substance under 21 U.S.C. § 841(a)(1). *See U.S. v. Strother*, No. 6-cr-182, Doc. 16 (E.D. Tex. Dec. 6, 2006). On February 4, 2009, Petitioner

---

[1]The Court notes that the Petition was filed against the United States of America. However, "when the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).

[2]Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

was sentenced to a term of life imprisonment, supervised release of 10 years, and a $100 special assessment. *See Strother*, No. 6-cr-182, Doc. 199. Petitioner directly appealed the conviction, which was denied. (Doc. 1, pg. 2). For purposes of 28 U.S.C. § 2255, Petitioner suggests he is not challenging the validity of his conviction or sentence as imposed. (Doc. 1, pg. 3). Petitioner has filed at least three motions to vacate, set aside, or correct his sentence under § 2255, all of which were denied. *See Strother*, No. 6-cr-182, Doc. 303.

Now, the Petition is based on a lack of Article III standing and an unlawful exercise of "hypothetical jurisdiction." (Doc. 1, pgs. 5-6). With respect to the former ground for relief, Petitioner notes that the underlying case was "started by [the] complaint" of a "local police officer." (Doc. 1, pg. 8). Petitioner indicates the complaint "was the only charging document of record when Petitioners [*sic*] federal prosecution began with the preliminary hearing." (Doc. 1, pg. 9). Relatedly, as to the latter ground for relief related to "hypothetical jurisdiction," Petitioner submits the court proceeded immediately to the merits question without jurisdiction under Article III. (Doc. 1, pg. 10). Finally, Petitioner argues habeas relief is available under § 2241 since § 2255 was "inadequate and ineffective for one very specific reason. Federal statutes such as 28 U.S.C. 2255 cannot be enforced if no 'case or controversy' was presented" and there was no jurisdiction. (Doc. 1, pg. 11).

Here, Petitioner is incorrect with respect to his § 2255 argument. "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to…section [2255], shall not be entertained if…[the sentencing] court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See id*. § 2255(e). Arguments similar to

those now presented by Petitioner were presented to the sentencing court, including in Petitioner's second § 2255 motion, which was denied due to, *inter alia*, the 1-year statute of limitations. *See Strother*, No. 6-cr-182, Doc. 303. Further, the plain language of § 2255 makes clear that statutory provision was an adequate and effective means to test the legality of Petitioner's detention. Section 2255(a) expressly states, "[a] prisoner in custody under sentence of a court…claiming the right to be released upon the ground…*that the court was without jurisdiction to impose such a sentence*…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (Emphasis added.). Subsection (b) contemplates that situation where "the judgment was rendered without jurisdiction," requiring the court to "vacate and set the judgment aside and…[to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *See id*. § 2255(b). All of Petitioner's current arguments were available to him within § 2255's limitation period. For these reasons, the Court finds § 2255 was not inadequate or ineffective, such that Petitioner may proceed under § 2241.

Even if this were not the case, it is still clear that Petitioner is not entitled to habeas relief based on the present arguments. It is true that a Lieutenant with the Orange County, Texas, Sheriff's Office filed a criminal complaint in Petitioner's underlying case on November 9, 2006. *See Strother*, No. 6-cr-182, Doc. 1. However, consistent with Federal Rule of Criminal Procedure 3, the criminal complaint was signed by United States Magistrate Judge Earl S. Hines. *See id*. And, while a criminal complaint may only initiate a misdemeanor prosecution, "[a] [criminal] complaint that charges a felony can establish a basis for an arrest warrant, justify an arrest made without a warrant, initiate, continue,

or expand an investigation, and notify other law enforcement agencies of its concern with the person arrested or investigated." *See U.S. v. Richardson*, 780 F.3d 812, 814 (7th Cir. 2015) (citing Fed. R. Crim. P. 3, 4(a), 5(b); *U.S. v. Alvarado*, 440 F.3d 191, 200 (4th Cir. 2006)); *accord U.S. v. Shalom*, No. 19-cr-100, 2022 WL 2355417, *5 (D.C. June 30, 2022) ("The only function of a complaint for a felony prosecution is to 'establish probable cause to believe that an offense has been committed and that the defendant committed it' so that a judge may issue an arrest warrant."); *accord U.S. v. Duvall*, 537 F.2d 15, 22 (2d Cir. 1976); *Gaither v. U.S.*, 413 F.2d 1061, 1076 (D.C. Cir. 1969); *Giordenello v. U.S.*, 78 S. Ct. 1245, 1250 (1958). Further, the criminal complaint provides a magistrate judge with "jurisdiction if it follows the statutory language and it relates the essential facts constituting the offense charged. *See Byrnes v. U.S.*, 327 F.2d 285, 834 (9th Cir. 1964) (citing *U.S. v. Walker*, 197 F.2d 287 (2d Cir. 1952); Fed. R. Crim. P. 3, 5). An arrest warrant, signed by Magistrate Judge Hines and directed to the United States Marshal and Authorized United States Officers, was entered on the same day as the criminal complaint. *See Strother*, No. 6-cr-182, Doc. 4.

Also, on November 9, 2006, which was the same day that the criminal complaint and the arrest warrant were filed, AUSA Michelle S. Englade, acting on behalf of U.S. Attorney Matthew D. Orwig, filed a document entitled "Defendant Information Relative to a Criminal Action." *See id.* at Doc. 3. That document indicated the offense charged, the statutory provision violated, the fact that the violation constituted a felony, an indication that Defendant would be charged by indictment, and an indication that an arrest warrant was to issue. *See id.* Therefore, while Petitioner is correct that federal courts do not have jurisdiction over cases prosecuted in the name of the United States unless they are

prosecuted by the United States Attorney, that is precisely what occurred in his underlying case. *See id.*; *U.S. v. Bryson*, 434 F. Supp. 986, 988 (W.D. Ok. 1977); *accord U.S. v. Panza*, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974); *see also U.S. v. Turner*, No. 17-cr-30018-3, 2017 WL 4269960, *2 (C.D. Ill. Sept. 26, 2017) ("The United States Government is an existing, real entity that has standing to prosecute violations of federal criminal law.").

Indeed, six days after the filing of the criminal complaint and the issuance of the arrest warrant, on November 15, 2006, Petitioner made his initial appearance before the court and was appointed legal representation by the federal public defender. *See Strother*, No. 6-cr-182, Doc. 8. AUSA Englade appeared on behalf of the United States. *See id*. One day after that, on November 16, 2006, Petitioner had a detention hearing and a preliminary hearing, which were attended by AUSA Englade and Petitioner's court-appointed counsel. *See id*. at Doc. 13. On December 6, 2006, the indictment was returned against Petitioner. *See id*. at Doc. 16. Contrary to Petitioner's arguments, this sequence of events does not show a lack of standing by the United States or jurisdiction by the court. In a recent case involving similar circumstances, namely, an initial criminal complaint alleging a violation of 21 U.S.C. § 841(a)(1) that was signed only by a state law enforcement officer and a U.S. Magistrate Judge, the Central District of Illinois explained:

> Rule of Criminal Procedure 3 clarifies that a Complaint under oath before a magistrate judge…may issue. Fed. R. Crim. Pro. 3. If the criminal complaint or the accompanying affidavits establish probable cause, the judge must issue an arrest warrant or a summons if the attorney for the Government requests it. Fed. R. Crim. Pro. 4(a). Then the person must be brought before a magistrate…for an initial appearance. Fed. R. Crim. Pro. 5(a). [In a felony case,] [t]he judge must inform the defendant of[, *inter alia*,] the complaint and any affidavit and the right to a preliminary hearing. Fed. R. Crim. Pro. 5(d). Rule[] 7 explains that other than criminal contempt, an offense must

>be prosecuted by an indictment if it is punishable by more than one year in jail or by death. Fed. R. Crim. Pro. 7. *Accordingly, it was necessary for the Government to obtain an indictment here and they did so just a few weeks after filing the Complaint*…. Petitioner has not supported his assertion that the process of obtaining an arrest warrant was improper. He was indicted as the Federal Rules and Fifth Amendment to the Constitution require.

*Davis v. U.S.*, No. 18-cv-10010, 2022 WL 2902384, *1, 4 (C.D. Ill. July 22, 2022) (Emphasis added.); *see also U.S. v. Turner*, No. 17-cr-30018-3, 2017 WL 8896198, *3 (C.D. Ill. Sept. 8, 2017) (holding "[t]he properly issued indictment charging [the defendant] with federal crimes establishe[d] a federal criminal case or controversy" for purposes of standing, the court had subject matter jurisdiction, and the U.S. Attorney and Assistant U.S. Attorney had the authority to prosecute); *Byrnes*, 327 F.2d at 834 ("Upon arraignment, if there has been no indictment, the [magistrate judge] must by preliminary examination (unless it is waived) satisfy himself there is probable cause to believe that a crime has been committed and the person arrested has committed the crime."); *Denton v. U.S.*, 465 F.2d 1394, 1395 (5th Cir. 1972) ("[T]he grand jury indictment…following his arrest remedied any defect in the complaint and arrest warrant."); *U.S. v. Cedeño-Olivencia*, No. 20-cr-382-4, 2022 WL 255361, *3 (D. P.R. Jan. 26, 2022) (noting defects in a criminal complaint do not deprive the court of jurisdiction or prevent a prosecution if a valid indictment is later returned).

For these reasons, the Court **FINDS** it "plainly appears" Petitioner is not entitled to habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Petition is **DISMISSED with prejudice** and the Clerk of the Court is **DIRECTED** to close the case and enter judgment accordingly. *See id*.

**SO ORDERED.**
Dated: July 26 2023

_____
DAVID W. DUGAN
United States District Judge