IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REGINALD STROTHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-1686-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent.[1] | ) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner's Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) (Doc. 9), which was filed on August 11, 2023. Also before the Court are Petitioner's four separate Motions to Supplement the Motion to Alter or Amend Judgment under Rule 59(e) (Docs. 10, 11, 13, and 18), which were filed on September 29, 2023, November 13, 2023, December 4, 2023, and January 4, 2024, respectively. Petitioner's Motions to Supplement are **GRANTED**. However, as explained below, the Motion to Alter or Amend Judgment under Rule 59(e) is **DENIED**.

Petitioner, an inmate at USP Marion, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1). On December 6, 2006, in the Eastern District of Texas, Petitioner was indicted for one count of knowingly and intentionally possessing, with the intent to distribute, more than fifty grams of a Schedule II controlled substance under 21

---

[1] The Court notes that the Petition was filed against the United States of America. However, "when the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).

U.S.C. § 841(a)(1). *See U.S. v. Strother*, No. 6-cr-182, Doc. 16 (E.D. Tex. Dec. 6, 2006). On February 4, 2009, he was sentenced to a term of life imprisonment, supervised release of 10 years, and a $100 special assessment. *See Strother*, No. 6-cr-182, Doc. 199. Petitioner's direct appeal was denied. (Doc. 1, pg. 2). Petitioner filed at least three motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, all of which were denied. *See Strother*, No. 6-cr-182, Doc. 303. In the present case, Petitioner suggested he was not challenging the validity of his conviction or sentence under § 2255. (Doc. 1, pg. 3).

The Petition was based on a lack of Article III standing and an unlawful exercise of "hypothetical jurisdiction." (Doc. 1, pgs. 5-6). With respect to the former ground for relief, Petitioner noted the underlying case was "started by [the] complaint" of a "local police officer." (Doc. 1, pg. 8). Petitioner stated the complaint "was the only charging document of record when Petitioners [*sic*] federal prosecution began with the preliminary hearing." (Doc. 1, pg. 9). Relatedly, as to the latter ground for relief related to "hypothetical jurisdiction," Petitioner argued the court proceeded immediately to the merits question without jurisdiction under Article III. (Doc. 1, pg. 10). Finally, Petitioner argued relief was available under § 2241 since § 2255 was "inadequate and ineffective for one very specific reason. Federal statutes such as 28 U.S.C. 2255 cannot be enforced if no 'case or controversy' was presented" and there was no jurisdiction. (Doc. 1, pg. 11).

On July 26, 2023, the Court dismissed the Petition with prejudice. (Doc. 7). Judgment was entered that same day. (Doc. 8). In its ruling, the Court found Petitioner was incorrect with respect to his § 2255 argument. (Doc. 7, pg. 2). The Court quoted § 2255(e) before finding arguments, similar to those raised by Petitioner in this case, were

2

presented to the sentencing court in the Eastern District of Texas, including in Petitioner's second § 2255 motion. (Doc. 7, pgs. 2-3). That second § 2255 motion, the Court continued, was denied due to, *inter alia*, the 1-year statute of limitations. *See Strother*, No. 6-cr-182, Doc. 303. This Court was of the opinion that the plain language of § 2255 made clear that statutory provision was an adequate and effective means to test the legality of Petitioner's detention. (Doc. 7, pg. 3). Section 2255(a) expressly states, "[a] prisoner in custody under sentence of a court…claiming the right to be released upon the ground…*that the court was without jurisdiction to impose such a sentence*…may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a) (Emphasis added.); (Doc. 7, pg. 3). Further, subsection (b) contemplates that situation where "the judgment was rendered without jurisdiction," requiring the court to "vacate and set the judgment aside and…[to] discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); (Doc. 7, pg. 3). For these reasons, the Court found all of Petitioner's current arguments were available to him within § 2255's limitation period. Therefore, the Court found § 2255 was not inadequate or ineffective so as to allow Petitioner to proceed under § 2241. (Doc. 7, pg. 3).

Alternatively, even if this were not so, the Court noted Petitioner clearly was not entitled to habeas relief based on his arguments. (Doc. 7, pg. 3). The Court noted, although it was true that a lieutenant with the Orange County, Texas, Sheriff's Office filed a criminal complaint in Petitioner's underlying case on November 9, 2006, the criminal complaint was signed by United States Magistrate Judge Earl S. Hines consistent with Federal Rule of Criminal Procedure 3. *See Strother*, No. 6-cr-182, Doc. 1; (Doc. 7, pg. 3).

3

And, while a criminal complaint may only initiate a misdemeanor prosecution, the Court noted that "[a] [criminal] complaint that charges a felony can establish a basis for an arrest warrant, justify an arrest made without a warrant, initiate, continue, or expand an investigation, and notify other law enforcement agencies of its concern with the person arrested or investigated." *See U.S. v. Richardson*, 780 F.3d 812, 814 (7th Cir. 2015) (citing Fed. R. Crim. P. 3, 4(a), 5(b); *U.S. v. Alvarado*, 440 F.3d 191, 200 (4th Cir. 2006)); *accord U.S. v. Shalom*, No. 19-cr-100, 2022 WL 2355417, *5 (D.C. June 30, 2022) ("The only function of a complaint for a felony prosecution is to 'establish probable cause to believe that an offense has been committed and that the defendant committed it' so that a judge may issue an arrest warrant."); *U.S. v. Duvall*, 537 F.2d 15, 22 (2d Cir. 1976); *Gaither v. U.S.*, 413 F.2d 1061, 1076 (D.C. Cir. 1969); *Giordenello v. U.S.*, 78 S. Ct. 1245, 1250 (1958); (Doc. 7, pg. 4). The Court also noted a criminal complaint provides a magistrate judge with jurisdiction if it follows the statutory language and it relates the essential facts constituting the offense charged. *See Byrnes v. U.S.*, 327 F.2d 285, 834 (9th Cir. 1964) (citing *U.S. v. Walker*, 197 F.2d 287 (2d Cir. 1952); Fed. R. Crim. P. 3, 5); (Doc. 7, pg. 4). Here, the Court emphasized that an arrest warrant, signed by Magistrate Judge Hines and directed to the United States Marshal and Authorized United States Officers, was entered the same day as the criminal complaint. *See Strother*, No. 6-cr-182, Doc. 4; (Doc. 7, pg. 4).

Moreover, on November 9, 2006, which was the same day that the criminal complaint and the arrest warrant were filed, the Court noted that AUSA Michelle S. Englade, acting on behalf of U.S. Attorney Matthew D. Orwig, filed a document entitled "Defendant Information Relative to a Criminal Action." *See Strother*, No. 6-cr-182, Doc. 3;

4

(Doc. 7, pg. 4). That document indicated the offense charged, the statutory provision violated, the fact that the violation was a felony, an indication that Petitioner would be charged by indictment, and an indication that an arrest warrant was to issue. *See Strother*, No. 6-cr-182, Doc. 3; (Doc. 7, pg. 4). Therefore, while Petitioner was correct that federal courts do not have jurisdiction over cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney, the Court recognized that is precisely what occurred in his underlying criminal case. *See Strother*, No. 6-cr-182, Doc. 3; (Doc. 7, pgs. 4-5); *U.S. v. Bryson*, 434 F. Supp. 986, 988 (W.D. Ok. 1977); *accord U.S. v. Panza*, 381 F. Supp. 1133, 1133-34 (W.D. Pa. 1974); *see also U.S. v. Turner*, No. 17-cr-30018-3, 2017 WL 4269960, *2 (C.D. Ill. Sept. 26, 2017) ("The United States Government is an existing, real entity that has standing to prosecute violations of federal criminal law.").

Indeed, the Court recognized that six days after the filing of the criminal complaint and the issuance of the arrest warrant, on November 15, 2006, Petitioner made his initial appearance before the court and was appointed legal representation by the federal public defender. *See Strother*, No. 6-cr-182, Doc. 8; (Doc. 7, pg. 5). AUSA Englade appeared on behalf of the United States. *See Strother*, No. 6-cr-182, Doc. 8; (Doc. 7, pg. 5). One day after that, on November 16, 2006, Petitioner had a detention hearing and a preliminary hearing, which were attended by AUSA Englade and Petitioner's court-appointed counsel. *See Strother*, No. 6-cr-182, Doc. 13; (Doc. 7, pg. 5). On December 6, 2006, the indictment was returned against Petitioner. *See Strother*, No. 6-cr-182, Doc. 16; (Doc. 7, pg. 5).

Accordingly, the Court found, contrary to Petitioner's arguments, the sequence of events in his underlying criminal case did not show a lack of standing by the United

States or jurisdiction by the court. When so finding, the Court acknowledged that in a recent case involving similar circumstances, namely, an initial criminal complaint alleging a violation of 21 U.S.C. § 841(a)(1) that was signed only by a state law enforcement officer and a U.S. Magistrate Judge, the Central District of Illinois explained:

> Rule of Criminal Procedure 3 clarifies that a Complaint under oath before a magistrate judge…may issue. Fed. R. Crim. Pro. 3. If the criminal complaint or the accompanying affidavits establish probable cause, the judge must issue an arrest warrant or a summons if the attorney for the Government requests it. Fed. R. Crim. Pro. 4(a). Then the person must be brought before a magistrate…for an initial appearance. Fed. R. Crim. Pro. 5(a). [In a felony case,] [t]he judge must inform the defendant of[, *inter alia*,] the complaint and any affidavit and the right to a preliminary hearing. Fed. R. Crim. Pro. 5(d). Rule[] 7 explains that other than criminal contempt, an offense must be prosecuted by an indictment if it is punishable by more than one year in jail or by death. Fed. R. Crim. Pro. 7. *Accordingly, it was necessary for the Government to obtain an indictment here and they did so just a few weeks after filing the Complaint*…. Petitioner has not supported his assertion that the process of obtaining an arrest warrant was improper. He was indicted as the Federal Rules and Fifth Amendment to the Constitution require.

*Davis v. U.S.*, No. 18-cr-10010, 2022 WL 2902384, *1, 4 (C.D. Ill. July 22, 2022) (Emphasis added.); *see also U.S. v. Turner*, No. 17-cr-30018-3, 2017 WL 8896198, *3 (C.D. Ill. Sept. 8, 2017) (holding "[t]he properly issued indictment charging [the defendant] with federal crimes establishe[d] a federal criminal case or controversy" for standing, the court had subject matter jurisdiction, and the U.S. Attorney and AUSA had authority to prosecute); *Byrnes*, 327 F.2d at 834 ("Upon arraignment, if there has been no indictment, the [magistrate judge] must by preliminary examination (unless it is waived) satisfy himself there is probable cause to believe that a crime has been committed and the person arrested has committed the crime."); *Denton v. U.S.*, 465 F.2d 1394, 1395 (5th Cir. 1972) ("[T]he grand jury indictment…following his arrest remedied any defect in the complaint and

6

arrest warrant."); *U.S. v. Cedeño-Olivencia*, No. 20-cr-382-4, 2022 WL 255361, *3 (D. P.R. Jan. 26, 2022) (noting defects in a criminal complaint do not deprive courts of jurisdiction or prevent a prosecution if a valid indictment is later returned); (Doc. 7, pgs. 5-6). As a result, the Court ultimately found it "plainly appear[ed]" Petitioner was not entitled to habeas relief. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Petition was dismissed with prejudice. (Doc. 7, pg. 6).

With this background in mind, the Court addresses Petitioner's Motion to Alter or Amend Judgment under Rule 59(e) (Doc. 9) and his subsequently filed Supplements (Docs. 10, 11, 13, and 18). Petitioner argues the Court, rather than follow his cited authorities indicating only criminal complaints, indictments, and informations may constitute official charging documents, "claimed that AUSA Michelle Englade's…filing of a Form AO 257 established Article III Standing." (Docs. 9, pgs. 1-2; 10, pgs. 3-5). Petitioner also argues the Court failed to determine if Article III standing existed when the criminal complaint was filed, ignored an exercise of hypothetical jurisdiction to enforce federal statues, and erroneously found his arguments could have been brought in his initial § 2255 motion. (Docs. 9, pgs. 3-4; 10, pgs. 5-6; 13, pgs. 1-2). Petitioner suggests the Government waived § 2255 as a statutory bar and restates his belief that the Orange County, Texas, lieutenant had "no authority to represent the 'United States' through the filing of [a] federal criminal complaint." (Docs. 11, pgs. 1-2; 13, pg. 3; 18, pgs. 1-2).

Now, the Court may alter or amend its judgment if Petitioner has clearly established either a manifest error of law or fact or presents newly discovered evidence. *See* Fed. R. Civ. P. 59(e); *Beyah v. Murphy*, 825 F. Supp. 213, 214 (E.D. Wisc. 1993);

7

*accord Bradley v. Wisconsin Dep't of Children and Families*, No. 20-cv-661, 2021 WL 363970, *1 (E.D. Wisc. Feb. 3, 2021). A manifest error is not demonstrated by the disappointment of Petitioner but by the Court's wholesale disregard, misapplication, or failure to recognize controlling legal precedent. *See Bradley*, No. 20-cv-661, 2021 WL 363970, *1 (quoting *Oto v. Metro Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). In this way, Rule 59(e) performs a valuable function where the Court patently misunderstood a party, made a decision outside the issues, or made an error of apprehension rather than reasoning. *See County Materials Corp. v. Allan Block Corp.*, 436 F. Supp. 2d 997, 999 (W.D. Wisc. 2006) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F. 2d 1185, 1191 (7th Cir. 1990)).

Here, notwithstanding the arguments presented by Petitioner in the instant Motion and Supplements, the Court adheres to its prior ruling at Doc. 7 in its entirety. Petitioner has not demonstrated, in any way, that it is necessary for the Court to alter or amend the Judgment under the above-stated authorities. However, below, the Court addresses certain of the specific arguments raised in the Motion and Supplements.

The Court emphasizes it did not find AUSA Englade's filing of the document entitled "Defendant Information Relative to a Criminal Action" established Article III Standing, as Petitioner contends. The Court referenced that document to provide context to the underlying criminal proceedings and to demonstrate the participation of the United States in that prosecution from the beginning. *See Strother*, No. 6-cr-182, Doc. 3; (Doc. 7, pg. 4). That document indicated the offense charged, the statutory provision violated, the fact that the violation was a felony, an indication that Petitioner would be charged by indictment, and an indication that an arrest warrant was to issue. *See Strother*,

No. 6-cr-182, Doc. 3; (Doc. 7, pgs. 4-5). Again, the sequence of events in the underlying criminal case, as thoroughly detailed above and in the ruling at Doc. 7, clearly indicates the court did not lack Article III standing or jurisdiction. (Doc. 7, pgs. 3-5).

Likewise, the Court remains convinced that Petitioner's arguments were available to him within § 2255's limitation period, such that § 2255 was not inadequate or ineffective as to allow him to proceed under § 2241. (Doc. 7, pg. 3). Notably, the Court could reach this conclusion without a waiver by the Government, as Petitioner argues. *See* Rule 5(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("The respondent is not required to answer the petition unless a judge so orders.").

For these reasons, Petitioner's Motions to Supplement are **GRANTED**. However, the Motion to Alter or Amend Judgment under Rule 59(e) is **DENIED**.

**SO ORDERED.**

Dated: February 12, 2024

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge