IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **REGINALD STROTHER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:23-cv-1686-DWD |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent.[1] | ) |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

The Court dismissed Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, with prejudice, on July 26, 2023. (Docs. 1 & 7). Judgment was entered on that same day. (Doc. 8). Petitioner filed a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), as well as four separate Motions to Supplement. (Docs. 9, 10, 11, 13, 18). The Motion to Alter or Amend Judgment was denied on February 12, 2024. (Doc. 19). On March 11, 2024, the Court denied Petitioner's Second Motion to Alter or Amend Judgment under Rule 59(e) as procedurally improper. (Doc. 23). Now, Petitioner has filed a Motion and Affidavit to Appeal *In Forma Pauperis*. (Doc. 26).

A federal court may permit a party to proceed on appeal without the full prepayment of fees if that party is indigent and the appeal is taken in good faith. *See* 28 U.S.C. § 1915(a)(1), (3); *Walker v. O'Brien*, 216 F.3d 626, 630-31 (7th Cir. 2009). The party

---

[1]The Court notes that the case was initiated against the United States of America. However, "when the [habeas] petitioner is in federal…custody, the petitioner's *immediate* custodian—the warden of the prison or other facility in which the petitioner is confined—is the only proper respondent." *See Bridges v. Chambers*, 425 F.3d 1048, 1050 (7th Cir. 2005) (citing *Rumsfeld v. Padilla*, 542 U.S. 426 (2004)).

must submit an affidavit that shows his or her inability to pay or give security for fees and costs, claims an entitlement to redress, and states the issues sought to be appealed. Fed. R. App. P. 24(a)(1). Further, an appeal is taken in good faith if it seeks review of an issue that is not clearly frivolous, meaning a reasonable person could suppose it has some merit. *Walker*, 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)).

Upon review of Petitioner's submitted materials, the Court is satisfied that he is indigent. (Doc. 26, pgs. 1-6, 9-11). Petitioner has only a $30 monthly income, and his prison trust fund account balance is $51.97. (Doc. 26, pgs. 2, 9). Further, Petitioner claims an entitlement to redress and states the issues for appeal. (Doc. 26, pgs. 7-8).

Even though the Court does not apply an inappropriately high standard, however, it cannot certify the appeal would be in good faith. The Court thoroughly reviewed the issues presented by Petitioner in his Petition for a Writ of Habeas Corpus and Motion to Alter or Amend Judgment. The Court found Petitioner was incorrect as to his § 2255 argument, as similar arguments were presented to the sentencing court, including in Petitioner's second § 2255 motion, which was denied due to, *inter alia*, the 1-year statute of limitations. *See Strother*, No. 6-cr-182, Doc. 303; (Doc. 7, pgs. 2-3). Further, § 2255 was found to be an adequate and effective means to test the legality of Petitioner's detention because his arguments were available to him within § 2255's limitation period. (Doc. 7, pg. 3). As such, the Court found § 2255 was not inadequate or ineffective, such that Petitioner could proceed under § 2241. Nevertheless, the Court also found Petitioner was not entitled to habeas relief on the merits of his arguments. (Doc. 7, pgs. 3-6).

In light of these findings and the issues presented for appeal, the Court cannot certify that Petitioner's appeal would be in good faith. Therefore, the instant Motion is **DENIED**. Petitioner is **ADVISED** that he has 30 days from the date of service of this Memorandum & Order to file a Motion to Proceed *In Forma Pauperis* on appeal in the Seventh Circuit. *See* Fed. R. App. P. 24(a)(5). The Clerk of the Court is **DIRECTED** to forward a copy of this Memorandum & Order to the Seventh Circuit.

**SO ORDERED.**

Dated: March 27, 2024

s/ *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge